## WEHR CO. v. WINSOR.

Circuit Court of Appeals, Sixth Circuit. May 12, 1927.

No. 4705.

Master and servant ⬤=>62—One seeking specific performance of former employé's parol agreement to assign patent must prove invention was within agreement.

One seeking specific performance of former employé's parol agreement to assign title to patent has burden of proving that invention came within terms of the agreement.

Appeal from the District Court of the United States for the Western District of Michigan; Clarence W. Sessions, Judge.

Suit by the Wehr Company against Roy J. Winsor. Judgment for defendant, and plaintiff appeals. Affirmed.

George L. Wilkinson, of Chicago, Ill. (Travis, Merrick, Warner & Johnson, of Grand Rapids, Mich., on the brief), for appellant.

James R. Hodder, of Boston, Mass. (Jewell, Face & Messinger, of Grand Rapids, Mich., on the brief), for appellee.

Before DENISON, MACK, and MOORMAN, Circuit Judges.

PER CURIAM. This is a suit by the Wehr Company, a corporation, to compel Winsor, an inventor, to execute an assignment of the title to a patent for a road grader. The suit is based on a contract of employment, the plaintiff claiming that the grader was invented as the result of the work that it employed Winsor to perform. It relies upon Standard Parts Company v. Peck, 264 U. S. 52, 44 S. Ct. 239, 68 L. Ed. 560, 32 A. L. R. 1033, which is controlling, if its interpretation of the contract is correct. Defendant contends that the grader was not the sort of thing that he was employed to develop, and further that the invention was made prior to the time that he entered into the employment of the Wehr Company. The lower court thought both defenses sustained by the evidence. We find it necessary to consider only the first, and in doing so must look to the terms of the employment.

There were but two witnesses to the contract, Holcomb, the general manager of the plaintiff company, and Winsor. Holcomb testified that he employed defendant under a parol agreement to develop a line of tractor equipment for Fordson tractors, including a road grader; Winsor testified that his employment was limited to the development and increase in production of the Andrew governor, which the Wehr Company was then engaged in manufacturing, and with the production of which it was having difficulties, because it had been unable to build any two that were alike or would function uniformly.

There are circumstances corroborating both theories: As to plaintiff's, the assignment to it by defendant during the employment of applications for patent on accessories or equipment for Fordson tractors, and defendant's acquiescence and participation in the manufacture and sale by plaintiff of the road graders now in controversy (Winsor says under an arrangement, later repudiated, that he should have stock); and as to defendant's, the fact that the Wehr Company at first sought an exclusive license to the patent, and, failing to obtain one, acquired rights under another patent, and sued the licensee of Winsor for infringement of that patent. Myers v. Hadfield-Penfield Steel Co. (C. C. A.) 10 F.(2d) 56.

What plaintiff really seeks is the specific performance of a parol agreement. The burden was on plaintiff to prove that the invention came within the terms of the agreement. The lower court, after giving full effect to the decision in the Peck Case, concluded that it had failed to do so. That court heard and saw the witnesses, and, under the familiar rule, we must at least say there is no error in its conclusion clear enough to justify reversal.

Judgment affirmed.